**HARRISON, HARRISON & ASSOCIATES, LTD.**
Joseph Harrison, Esq.
David Harrison, Esq.
110 Series Highway 35, 2nd Floor
Red Bank, New Jersey   07701
Telephone:     (888) 239-4410
Facsimile:     (718) 799-9171
nycotlaw@gmail.com

Attorneys for Plaintiff & The Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUSS SEMERAN on behalf of himself  and all others similarly situated, <br><br>               Plaintiff, <br><br> v. <br><br> BLACKBERRY CORPORATION., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br>               Defendants. | **CASE NO.** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Violations of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2,** *et seq.* **and Substantially Similar Law of Certain Other States;** <br> 2. **Breach Of Express Warranties;** <br> 3. **Breach Of Implied Warranties;** <br> 4. **Violations of Magnuson Moss Warranty Act, 15 U.S.C. § 22301,** *et seq.* <br> 5. **Negligent Misrepresentation** <br> 6. **Unjust Enrichment** <br><br> **JURY TRIAL DEMANDED** |

All allegations in this Complaint are based upon information and belief, except those allegations that pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys.  Each allegation in this Complaint either has evidentiary support or, alternatively, is likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.  Plaintiff alleges as follows:

## I.     THE PARTIES

### (Local Rule 10.1)

1.       The names and addresses of the named parties to this action are (1) Russ

1   Semeran ("Plaintiff") of Bergen County, New Jersey; (2) Blackberry Corporation ("Blackberry"

2   or "Defendant"), a corporation of the State of Delaware with a principal place of business in

3   Ontario, Canada.

4   ## II.     THE NATURE OF THE ACTION

5       2.      Plaintiff brings this action for actual damages, equitable relief, including

6   restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf

7   of himself and all similarly-situated individuals and entities (the "Classes" or "Class Members")

8   who purchased a Blackberry Cellular "Smart" Telephone Devices from Defendant containing

9   numerous defects including, but not limited to, (1) randomly merging the consumer's contacts

10  thereby rending their contact list useless; (2) failure of the photo application to permit the user

11  to manage the size and resolution of photographs for the purposes of emailing; and (3) failure to

12  support the Yahoo! Calendar (collectively the "Defects").  The complaints also contend that the

13  cellular "smart" telephone devices require repairs, which fail to correct the Defects. Upon

14  information and belief, these Defects exists in the Blackberry Cellular "Smart" Telephone

15  Devices running the BlackBerry 10 mobile operating system including but not limited to model

16  numbers Z30, Z10, Z3, Q10, Q5, P'9982, and P'9983 ("Blackberry 10 Series Cellular

17  Telephones").

18      3.      All of the claims asserted herein arise out of Blackberry's design, manufacture,

19  warranting, advertising and selling of the Blackberry 10 Series Cellular Telephones.

20      4.      Blackberry knew, or was reckless in not knowing, that the Blackberry 10 Series

21  Cellular Telephones contained Defects and would therefore would not perform as promised.

22  Blackberry had sole and exclusive possession of this knowledge.

23      5.      Notwithstanding this knowledge, Blackberry made uniform and material

24  misrepresentations and uniformly concealed material information in its marketing, advertising,

25  and sale of the Blackberry 10 Series Cellular Telephones, which Blackberry knew to be

26  defective, both at the time of sale and on an ongoing basis.

27      6.      At all times, in every communication, Blackberry made uniform written

28  misrepresentations to and/or uniformly concealed from Plaintiff, the members of the Classes

and everyone in the chain of distribution the Defect in the Blackberry 10 Series Cellular Telephones, and failed to remove the Blackberry 10 Series Cellular Telephones from the marketplace or take adequate remedial action. Instead, Blackberry sold and serviced Plaintiff's Blackberry 10 Series Cellular Telephones even though it knew, or was reckless in not knowing, that the Blackberry 10 Series Cellular Telephones were defectively designed and would ultimately result in Plaintiff's and the members of the Classes' inability to use their Blackberry 10 Series Cellular Telephones, for its intended purpose during the time Plaintiff and the members of the Classes reasonably expected they would have use of the Blackberry 10 Series Cellular Telephones.

7.      The Blackberry 10 Series Cellular Telephones have in fact failed prematurely, whether within or outside of Case applicable warranty periods.

8.      As a consequence of Blackberry's false and misleading statements and active and ongoing concealment of the Defect, Plaintiff and the Class Members purchased and currently own defective Blackberry 10 Series Cellular Telephones and have incurred damages.

9.      Plaintiff assert claims on behalf of themselves and the Class Members under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. (the "CFA") and similar state laws. Plaintiff also asserts claims on behalf of himself and the Classes for fraudulent concealment/nondisclosure, breach of implied and express warranties, and negligent misrepresentation under New Jersey law.

### III.      THE PARTIES

10.      Plaintiff Russ Semeran is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Bergen County, New Jersey.  On June 5, 2013, he purchased a new Blackberry 10 Series  Cellular Telephone from TMobile in Paramus, New Jersey for $620.59 including tax and other charges.

11.      At all times, Plaintiff followed the use and care instructions that were included with his Blackberry 10 Series Cellular Telephones.

12.      Soon after Plaintiff purchased his 10 Series Cellular Telephones phone, he experienced the Defects alleged within all warranty periods. Prior to Plaintiff's purchase of the

1  Blackberry 10 Series Cellular Telephones, he was unaware of the Defects and defendant
2  Blackberry failed to warn or disclose the Defects to Plaintiff. Had Blackberry disclosed such
3  material facts, Plaintiff would not have purchased the 10 Series Cellular Telephones or paid the
4  prices he paid for the defective phone.

5         13.    Plaintiff repeatedly tried to resolve the Defects prior to filing this action, all of
6  which failed to remedy the defect he has consistently experienced.  Plaintiff complained to
7  Blackberry concerning the Defects.  Indeed, Plaintiff interfaced with Defendant's technical
8  support, and the technical support of his wireless provider, T-Mobile, for several months.
9  Ultimately, Plaintiff was advised by Defendant that there was not a successful repair for the
10 Defects available.

11        14.    To date, Plaintiff's Blackberry 10 Series  Cellular Telephones does not function
12 as represented.

13        15.    Plaintiff received a phone of lesser value than the Blackberry 10 Series  Cellular
14 Telephones promised and has suffered and will continue to suffer ascertainable loss. The
15 difference in value between the product promised and the one received can be reasonably
16 quantified by a review of the cost of comparable Blackberry 10 Series Cellular Telephones by
17 Blackberry's competitors.

18        16.    Blackberry Corporation ("Blackberry") is a Delaware corporation and has its
19 principal place of business located in Waterloo, Ontario, Canada. Its U.S. headquarters is
20 located in Irving, Texas.  Blackberry Corporation is a registered corporation with the New
21 Jersey Secretary of State (Entity Number: 0100862227).  Plaintiff is informed and believes, and
22 thereon alleges, that a substantial portion of the activities at issue in this Complaint occurred,
23 were conducted, and/or were directed and emanated from New Jersey.

24        17.    Defendant Blackberry marketed and sold, and continues to market and sell, its
25 Blackberry 10 Series Cellular Telephones in the state of New Jersey and nationwide.
26 Blackberry has transacted, and continues to transact, business in New Jersey and nationwide
27 through the dissemination of advertisements for, and sale of, its Blackberry 10 Series Cellular
28 Telephones.

18.     Defendant and DOES 1-10, and each of them, are responsible for the acts and omissions of the others and are parties acting in active concert and participation with each other. These parties have acted, and continue to act, in concert with each other, and have aided and abetted each other, cooperated with each other in the planning of, participation in, and facilitation of, the selling, marketing, promoting, and distributing Blackberry 10 Series Cellular Telephones. Defendant and DOES are collectively referred to as "Defendants."

19.     Defendants are engaged in the manufacturing, labeling, advertising, promotion, marketing, offering for sale, sale, and/or distribution of Blackberry 10 Series Cellular Telephone  to consumers throughout the State of New Jersey and nationwide.  Defendants advertise, promote, and offer for sale Blackberry 10 Series Cellular Telephones  by way of the internet, retail stores, and through other means.

## IV.     JURISDICTION AND VENUE

20.     This court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because at least one class member is of diverse citizenship from the Defendant, a corporation incorporated in the State of Delaware; there are more than 100 Class Members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

21.     The court has personal jurisdiction over the parties because of Blackberry's many and important contacts with the State of New Jersey. Defendant has an office and conducts substantial business in New Jersey, has had systematic and continuous contacts with New Jersey, promotes its products in New Jersey, puts its Blackberry 10 Series Cellular Telephones into the stream of commerce in New Jersey and has agents and representatives that can be found in New Jersey.

22.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred out of this District, and Blackberry's conduct has injured Class Members residing in this District. Blackberry transacts business and maintains a principal place of business within this District. Accordingly, this court has jurisdiction over this action and venue is proper in this Judicial District.

1  / / /

2  **V.     GENERAL ALLEGATIONS**

3  **Blackberry's 10 Series Cellular Telephone Product Line**

4      23.     BlackBerry 10 is a proprietary mobile operating system developed by

5  BlackBerry Limited for its BlackBerry line of smartphone and tablet handheld devices.

6      24.     The BlackBerry 10 mobile operating system is based on the QNX operating

7  system, which is popular in industrial computers and used in many car computers.

8      25.     The Blackberry 10 Series Cellular Telephones were first made available in or

9  about January of 2013.

10      26.     Amongst the features of the Blackberry 10 operating system is BlackBerry®

11  Link ("BB Link").  This feature  allows users to sync and organize music, documents, photos,

12  and videos between a Blackberry10 device and a computer. It is compatible with Mac and PC,

13  and supports iTunes and Windows Media Player. Syncs are done over Wi-Fi or USB.

14  BlackBerry Link also facilitates device switches from Android and iOS as well as BB10

15  software updates. Link transfers contacts, files, calendars, tasks, bookmarks, alarm clocks,

16  SMS, phone logs, WLAN profiles and other information between devices.

17      27.     Devices running BlackBerry 10 include the Z30, Z10, Z3, Q10, Q5, P'9982 and

18  P'9983 models of "smart" cellular telephones.

19  **Defects in the Blackberry 10 Series Cellular Telephones**

20      28.     Plaintiff and the members of the Classes use their Blackberry 10 Series Cellular

21  Telephones for business and personal use and perform such tasks as placing and receiving

22  telephone calls, drafting, sending and receiving emails and accessing the internet.

23      29.     At all relevant times, Plaintiff and the members of the Classes have used their

24  Blackberry 10 Series Cellular Telephones  in a foreseeable manner and in the manner in which

25  they were intended to be used.

26      30.     Upon information and belief, the Blackberry 10 Series Cellular Telephones are

27  defective in its design and manufacturing in that they have design defects in their software

28  rendering them unusable and inoperable for critical functions.

31.     Specifically, the contact application randomly merges contacts store in the phone thereby rending users unable to make calls by retrieving their contacts through the device. Many users have complained to Blackberry about this defect on the company's website support forum:

> I'm having the exact same problem. I have my work email added, twitter, facebook, and some local contacts (which I copied to my SIM card but the Z10 has since wiped all of them from the contact app, or at least nothing shows up when you narrow the focus to SIM contacts).
>
> The Blackberry is merging sometimes up to 3 totally different unrelated people with completely different information, names, etc, into single contacts.
>
> Example:
>
> Conact A: Dad
>
> Contact B: Lisa
>
> Contact C: Jon Snow
>
> Final merged contact:
>
> Dad Snow
>
> Dad's cell number becomes the work number for new contact "Dad Snow"
>
> Lisa's home phone becomes this new contacts cell number
>
> Original Jon Snow's email address remains the email address for this new contact.
>
> None of these people are related or share any similar information at all.
>
> The "automatically merging" and "linking" is very very wonky and a terrible execution of an otherwise good idea. This happens randomly, without me doing anything.   I have a Z10 running 10.1.0.2014. It doesn't seem to affect my "enterprise" email contacts (from Exchange).
>
> RobBrodofske
>
> 07-10-2013 11:52 AM

Edited 07-10-201311:55AM[1]

…..

This was happening to me constantly…. This is DEFINITELY a problem within BB10. It's crazy that a system would allow any kind of automatic linking of contacts.

rambo47

07-10-2013 09:55 PM

…..

I am also having this problem. I have 3 accounts that sync contacts wirelessly (Office 365). Random merges occur WITHIN the same account, and also ACROSS accounts. The contacts that merge (may be as many as 40 links to one original contact) do not seem to have anything specific in common and they are absolutely NOT meant to be merged.

This results in a lot of handwork to unlink these contacts. If, for instance, contact A is incorrectly linked to contacts B, C, D, E, and F, I cannot just tap 'unlink' for B, C, D, E, and F and be done with it. If I do that, and then click 'save', that results in contact A being alright, and then having contact B still linked to C, D, E and F. So, I have to unlink contact B from contact A. Then press save, wait for that to take effect (number of links goes down by one). Then go back into the linked contacts and repeat for all linked contacts. You never now, nor can you see at a glance, which of your contacts has incorrect links, and there may be as many as 40 links to one contact. It is a hellish job.

To make matters worse, if I have successfully rearranged/unlinked my 500+ contacts, they may decide to spontaneously merge in obscure ways the next day.

Cvdburgh

11-25-2013 04:03 AM

---

[1] Complaints taken from http://supportforums.blackberry.com/t5/BlackBerry-Q10/Contacts-app-randomly-

32.     Additionally, the photo application provided on the Blackberry 10 Series Cellular Telephones fails to permit the user to manage the size and resolution of photographs for the purposes of emailing.  Again, many users have taken to Blackberry's forum support webpage to complaint of this defect:

You cant control the image size for pictures when sending as attachments in email. In previous Os 6 & 7 you could select, "smaller, mid size, large or original". These options are gone.

Shuvav

02-12-2013 01:52 PM

…..

Wow amazing!! So anyone that uses their blackberry to send multiple photos in an email is FORCED to send actual file sizes. Where is the old Dialogue for image size (Original, Large, Medium, and small)? Hmm - Z10 camera only takes full size images (not a bad thing). But are you ready to send an email with multiple photos at say 10MB-25MB size. (when you are roaming??)

Another example of how blackberry took a properly functioning task from old OS and completely FORGOT to keep it in the OS for BB10. How did Beta testers miss ALL of the small things that are missing on the new OS? Wake up Blackberry!!!

Balfas[2]

02-26-2013 08:43 PM

edited 02-26-2013 08:49 PM

Help please

33.     Additionally, the Blackberry 10 Series Cellular Telephones fail to support widely utilized applications such as Yahoo Calendar.  As the Yahoo! Help website explains:

---

merging-contacts/td-p/2453487 (pages last viewed December 17, 2014)
[2] http://supportforums.blackberry.com/t5/BlackBerry-Z10/Cant-send-Pictures-in-smaller-size-format/td-p/2159571

1    … it is no longer possible to sync Yahoo Calendar with BlackBerry devices….

2    While syncing your Yahoo Calendar to your BlackBerry may have worked in the

3    past, this operation is no longer supported. If you are no longer able to sync your

4    Blackberry to your Yahoo Calendar, we apologize but we will not be able to assist

5    you with this issue. Yahoo and RIM BlackBerry are currently working on a

6    resolution to sync your Yahoo Calendar to your BlackBerry; we do not currently

7    have an estimated time on this resolution[3].

8

9    34.    Plaintiff and the Class Members reasonably expected Blackberry to disclose the

10   existence of the Defects that were known to Blackberry at the time of sale.

11   35.    Because of the Defects, Plaintiff's Blackberry 10 Series Cellular Telephones

12   failed to perform as expected during their expected useful life, within or outside applicable

13   warranty periods.

14   36.    The Defect rendered the Blackberry 10 Series Cellular Telephones  unfit for the

15   ordinary purpose for which Blackberry 10 Series Cellular Telephones  are sold at the time they

16   were sold to Plaintiff and members of the Classes.

17   37.    The Blackberry 10 Series Cellular Telephones have uniform design defects as

18   well as manufacturing software defects.

19   38.    In purchasing the Blackberry 10 Series Cellular Telephones, Plaintiff and the

20   members of the Classes legitimately expected them to operate in accordance with all of its

21   intended purposes.

22   39.    The Defects presence are material because the defects cause the phones to

23   repeatedly freeze or turn off, causing Plaintiff and Class Members to miss phone calls, alerts,

24   messages, e-mails, and alarms, and frequently lose data due to the defect.

25   40.    The Defect are material because neither Plaintiff, Class Members, nor any

26   reasonable consumer would have purchased the defective Blackberry 10 Series Cellular

27

28   [3] https://help.yahoo.com/kb/mail/unable-sync-yahoo-calendar-blackberry-sln5817.html?impressions=true

Telephones had they known of the Defects, and such phones would not pass without objection in the trade or industry.

41.     The Defects, which manifests during the expected useful life of the Blackberry 10 Series Cellular Telephones, both within and outside applicable warranty periods, is substantially likely to prevent the Blackberry 10 Series Cellular Telephones from performing their essential function, making it impossible for Plaintiff to use their Blackberry 10 Series Cellular Telephones  as intended during its expected useful life.

42.     As a result of the Defects alleged herein, Plaintiff and the members of the Classes have experienced failure of their Blackberry 10 Series Cellular Telephones, did not get what they paid for, and have incurred actual damages.

**Defendants' Knowledge of the Defects in the Phone**

43.     Before it sold the Blackberry 10 Series Cellular Telephones, Blackberry knew, or was reckless in not knowing, that the Blackberry 10 Series Cellular Telephones  contained Defects including but not limited to, (1) randomly merging the consumer's contacts thereby rending their contact list useless; (2) failure of the photo application to permit the user to manage the size and resolution of photographs for the purposes of emailing; and (3) failure to support the Yahoo! Calendar.

44.     As detailed above, consumers have lodged complaints about their experiences with the defects. Complaints about the defect have been posted by on various websites including Defendants' own forums.  Nevertheless, Defendants continued to market and sell these phones without curing the Defects or disclosing their existence to consumers.  Instead, Blackberry refuses to properly address and rectify the problem and has failed and refused to reimburse customers for damage, replacement, upgrades or  repairs.

45.     At all times relevant hereto, Defendants knew, and had reason to know, or should have known, that the Blackberry 10 Series Cellular Telephones were negligently designed, manufactured, assembled, inspected, marketed, advertised, promoted, sold, and/or distributed in a defective condition, and were fully capable of taking remedial proper remedial action, but failed and/or refused to do so.

46.     Blackberry did not implement a plan to properly address the Defects and instead manufactured and sold subsequent models that contained the same Defects.

47.     Plaintiff and the other members of the Classes had, and have, no meaningful choice in determining the time limits of the express and implied warranties.  Moreover, a gross disparity in bargaining power exists between Blackberry and the Plaintiff and other Class Members.

48.     Blackberry's attempts to limit the express and implied warranty to one year, as well as its attempt to disclaim all implied warranties is unconscionable under these circumstances

49.     Blackberry knew, or should have known from its own warranty database, that the repairs it recommended would not cure the Defects. Nonetheless, it refuses to refund all customers or replace the Blackberry 10 Series Cellular Telephones  with ones that function properly.

50.     Blackberry knew that consumers were unaware of the latent Defects and that they reasonably expected the Blackberry 10 Series Cellular Telephone to properly perform such tasks as placing and receiving telephone calls, drafting, sending and receiving emails and accessing the internet.  Blackberry also knew that customers expected Blackberry to disclose a defect that would prevent the Blackberry 10 Series Cellular Telephone from performing their function long before the end of their expected useful lives, and that such disclosure would impact consumers' decision whether to purchase the Blackberry 10 Series Cellular Telephone. Blackberry knew and intended for consumers to rely on its material omissions with regard to the Defects when purchasing the Blackberry 10 Series Cellular Telephone.

51.     As a result of Blackberry's uniform omissions and misrepresentations in its marketing and advertising, Plaintiff believed that the Blackberry 10 Series Cellular Telephone they purchased would operate without defects, and Plaintiff purchased a Blackberry Blackberry 10 Series Cellular Telephone in reliance on that belief.

**Defendants' Omission and Misrepresentations**

52.     Blackberry failed to adequately design, manufacture, and/or test the Blackberry

10 Series Cellular Telephone to ensure that they were free from Defects, and/or knew, had reason to know, or was reckless in not knowing of the Defects when it uniformly warranted, advertised, marketed and sold the Blackberry 10 Series Cellular Telephone to Plaintiff and the Classes.

53.     Blackberry did not disclose to its customers the fact that the Defects existed at the time of sale and that the Defects would render the Blackberry 10 Series Cellular Telephone unable to perform their essential function well before the end of their expected useful lives. Nor did Blackberry disclose that warranty or the recommended post-warranty repairs would not cure or rectify the Defects in the Blackberry 10 Series Cellular Telephone.

54.     Blackberry had the capacity to, and did, deceive consumers into believing that they were purchasing Blackberry 10 Series Cellular Telephone that were free from defects and could be used for business and personal use to perform such tasks as placing and receiving telephone calls, drafting, sending and receiving emails and accessing the internet.

55.     Blackberry actively concealed from and/or failed to disclose to Plaintiffs, the Classes, and everyone, the true defective nature of the Blackberry 10 Series Cellular Telephone, and failed to remove the Blackberry 10 Series Cellular Telephone from the marketplace or take adequate remedial action. Blackberry represented that the Blackberry 10 Series Cellular Telephone were free of defects even though it knew or was reckless in not knowing when it sold the Blackberry 10 Series Cellular Telephone that they contained defects that would render them unusable. Furthermore, Blackberry sold and serviced the Blackberry 10 Series Cellular Telephone even though it knew, or was reckless in not knowing, that they were defective and that Plaintiff and Class members would be unable to use the Blackberry 10 Series Cellular Telephone for their intended purpose for the duration of their expected useful life Blackberry had the capacity to, and did, deceive consumers into believing that they were purchasing Blackberry 10 Series Cellular Telephone that were free from defects and could be used for business and personal use to perform such tasks as placing and receiving telephone calls, drafting, sending and receiving emails and accessing the internet.

56.     Blackberry actively concealed from and/or failed to disclose to Plaintiffs, the

Classes, and everyone, the true defective nature of the Blackberry 10 Series Cellular Telephone, and failed to remove the Blackberry 10 Series Cellular Telephone from the marketplace or take adequate remedial action. Blackberry represented that the Blackberry 10 Series Cellular Telephone were free of defects even though it knew or was reckless in not knowing when it sold the Blackberry 10 Series Cellular Telephone that they contained Defects that would render them unfit for their usual purposes. Furthermore, Blackberry sold and serviced the Blackberry 10 Series Cellular Telephone even though it knew, or was reckless in not knowing, that they were defective and that Plaintiff and Class Members would be unable to use the Blackberry 10 Series Cellular Telephone for their intended purpose for the duration of their expected useful life.

**Fraudulent Concealment**

57.   Plaintiffs' claims arise in part out of Blackberry's fraudulent concealment of the Defects. To the extent that Plaintiff's claims arise from Blackberry's fraudulent concealment, there is no one document or communication, and no one interaction, upon which Plaintiff base their claims. They allege that at all relevant times, including specifically at the time they purchased their Blackberry 10 Series Cellular Telephone, Blackberry knew, had reason to know, or was reckless in not knowing, of the Defects; Blackberry was under a duty to disclose the Defects based upon its exclusive knowledge of it, its representations about its products, and its concealment of the Defects; and Blackberry never disclosed the Defects to the Plaintiff or anyone at any time or place or in any manner.

58.   Plaintiff makes the following specific fraud allegations with as much specificity as possible given that access to all of the information necessary to establish the identity of the responsible individuals employed at Blackberry who concealed the defects and precisely when Blackberry became aware of the problems with the Blackberry 10 Series Cellular Telephone can only be obtained after Plaintiff has the opportunity to conduct discovery as this information is exclusively in the possession of Blackberry. Data from the Defendant's database and its internal support division, which is exclusively within Blackberry's control, will enable Plaintiff to provide greater specificity in detailing the fraud allegations:

(a)   Who: Blackberry concealed the Defects from Plaintiff, the Classes, and

1   everyone in the chain of distribution.  Plaintiff and the Classes are unaware of, and

2   therefore unable to identify, the true names and identities of those individuals at

3   Blackberry responsible for such decisions.

4          (b)     What: Blackberry knew, or had reason to know, at the time it sold the

5   Blackberry 10 Series Cellular Telephone, or was reckless in not knowing, the fact that

6   existing defects in the Blackberry 10 Series Cellular Telephone would cause the

7   Blackberry 10 Series Cellular Telephone to fail to properly operate.

8          (c)     When: No later than June 2009, Blackberry concealed this material

9   information at all times with respect to the Blackberry 10 Series Cellular Telephone,

10  including before the time of sale, on an ongoing basis, and continuing to this day.

11         (d)     Where: Blackberry concealed this material information in every

12  communication it had with Plaintiff, the Classes, and everyone in the chain of

13  distribution.  Plaintiff is aware of no document, communication, or other place or thing,

14  in which Blackberry disclosed this material information to anyone outside of

15  Blackberry. Such information appears in no sales documents, no displays, no

16  advertisements, no warranties, no owner's manual, nor on Blackberry's website.

17         (e)     How: Blackberry concealed this material information by not disclosing it

18  to Plaintiff, the Classes, or anyone in the chain of distribution at any time or place or in

19  any manner, even though it knew, or should have known this information due to the

20  significant number of complaints posted on its own web site and online from before the

21  named Plaintiff purchased his Blackberry 10 Series Cellular Telephone, as well as from

22  its own warranty records. Blackberry knew that it would be important to a reasonable

23  consumer, and even though its omissions with regard to the Defects and consequent

24  premature failures of the Blackberry 10 Series Cellular Telephone were contrary to its

25  representations about the Blackberry 10 Series Cellular Telephone.

26         (f)     Why: Blackberry concealed this material information for the purpose of

27  inducing Plaintiff and Class Members to purchase the defective Blackberry 10 Series

28  Cellular Telephone at full price rather than purchasing competitors' Blackberry 10

1    Series Cellular Telephone or paying Blackberry less for the Blackberry 10 Series
2    Cellular Telephone, given their limited utility. Had Blackberry disclosed the truth,
3    Plaintiff, the Classes (and reasonable consumers) would not have bought the Blackberry
4    10 Series Cellular Telephones, or would have paid less for them.

## VI.    TOLLING

59.    The causes of action alleged herein accrued upon discovery of the defective nature of the Blackberry 10 Series Cellular Telephone. Because the Defects are latent, and Blackberry concealed it, Plaintiff and members of the Classes did not discover and could not have discovered the Defects through reasonable and diligent investigation. Reasonable and diligent investigation into the cause of the Defects did not and could not reveal a factual basis for a cause of action based on Blackberry's concealment of the Defects.

**Fraudulent Concealment**

60.    Any applicable statutes of limitation have been tolled by Blackberry's knowing and active and ongoing concealment and denial of the facts as alleged herein.  Plaintiff and the Classes have been kept ignorant by Blackberry of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiff and members of the Classes could not reasonably have discovered the true, latently defective nature of the Blackberry 10 Series Cellular Telephone.

**Estopple**

61.    Blackberry was and is under a continuing duty to disclose to the Plaintiff and the Classes the true character, quality, and nature of the Blackberry 10 Series Cellular Telephone. Blackberry knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Blackberry 10 Series Cellular Telephone, and the concealment is ongoing. Plaintiff and the members of the Classes reasonably relied upon Blackberry's knowing, affirmative, and/or active and ongoing concealment. Based on the foregoing, Blackberry is estopped from relying on any statutes of limitation in defense of this action.

## VII.    CLASS ACTION ALLEGATIONS

62.    Plaintiff brings this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil

1    Procedure, on behalf of himself and the following ascertainable Classes defined as:

2         Nationwide Class:

3         All residents of the United States who purchased Defendants' Blackberry 10 Series

4         Cellular Telephone since its release and continuing until judgment in this action.  The

5         class does not include the named Defendants or co-conspirators, their directors, officers,

6         or employees or members of their families ("the Nationwide Class").

7         New Jersey Sub-Class:

8         All residents of the State of New Jersey who purchased Defendants' Blackberry 10

9         Series Cellular Telephone since its release and continuing until judgment in this action.

10        The class does not include the named Defendants or co-conspirators, their directors,

11        officers, or employees or members of their families ("the New Jersey Sub-Class").

12        63.    The Nationwide Class and the New Jersey Subclass together are hereafter

13   collectively referred to as the "Classes."

14        64.    The persons in the Classes are so numerous that the joinder of all such persons is

15   impracticable and that the disposition of their claims in a class action rather than in individual

16   actions will benefit the parties and the Court.

17        65.    There is a well-defined commonality and community of interest in the questions

18   of law and fact involving and affecting all members of the Classes exists and common questions

19   of fact and law predominate over questions which may affect only individual Class Members.

20   The questions of fact and law common to the Classes include, *inter alia*:

21             a.   Whether Defendant Blackberry's Blackberry 10 Series Cellular Telephone

22                  were defectively designed, manufactured, marketed, distributed and sold;

23             b.   Whether the existence of the Defects in the Blackberry 10 Series Cellular

24                  Telephone is a material fact reasonable purchasers would have considered in

25                  deciding whether to purchase a Blackberry 10 Series Cellular Telephone;

26             c.   Whether Defendant knew the Blackberry 10 Series Cellular Telephones was

27                  defective when offered for sale to the public;

28             d.   Whether Defendant knew or should have known of defects in the Blackberry

10 Series Cellular Telephones when selling it to the public;

    e.   Whether Defendant mislead consumers and concealed defects in the Blackberry 10 Series Cellular Telephones;

    f.   Whether, by the misconduct set forth herein, Defendant Blackberry violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

    g.   Whether the Blackberry 10 Series Cellular Telephone are of merchantable quality;

    h.   Whether, by the misconduct set forth herein, Defendant Blackberry violated express and implied warranty statutes;

    i.   Whether Defendant was unjustly enriched by refusing to replace the defective Blackberry 10 Series Cellular Telephones with a properly functioning camera, at no charge to consumers;

    j.   Whether the Class is entitled to notice as to the Defects;

    k.   Whether members of the Class have suffered damages;

    l.   Whether Defendant has breached the express or implied warranties for the Blackberry 10 Series Cellular Telephones, or the provisions of the Magnuson-Moss Warranty Act, when it is used for its intended purpose;

    m.  The extent of damages caused by Defendant's willful violations; and

    n.   The type of damages and restitution that should be granted to Plaintiff and members of the Class.

66.    Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and each member of the Classes purchased a Blackberry 10 Series Cellular Telephone from Defendants during the statutory period prior to the filing of this action to present.  Plaintiff has no interests antagonistic to those of the Classes and Defendants have no defenses unique to Plaintiff.

67.    Plaintiff will fairly and adequately protect the interests of the members of the Classes and Plaintiff has no interests which are contrary to or in conflict with those of the

1   Classes he seeks to represent.  Plaintiff has retained competent counsel experienced in class

2   action litigation to further ensure such protection and intend to prosecute this action vigorously.

3       68.   The prosecution of separate actions by individual members of the Classes would

4   create a risk of inconsistent or varying adjudications with respect to individual members of the

5   Classes, which would establish incompatible standards of conduct for the party opposing the

6   Classes and would lead to repetitious trials of the numerous common questions of fact and law.

7   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that

8   would preclude its maintenance as a class action.  As a result, a class action is superior to other

9   available methods for the fair and efficient adjudication of this controversy.

10       69.   Defendants have acted or refused to act on grounds generally applicable to the

11   Classes, making final declaratory or injunctive relief appropriate.

12       70.   The questions of law and fact common to members of the Classes predominate

13   over any questions affecting only individual members.

14       71.   A class action is superior to other available methods for the fair and efficient

15   adjudication of this controversy because joinder of all members is impracticable.  Disposition of

16   the Classes' claims in a class action, rather than in individual actions, will benefit the parties

17   and the Court, because:

18       a.   The losses to Plaintiff and similarly situated other consumers are relatively

19   small, estimated at most to be between three and ten dollars per customer;

20       b.   Obtaining private counsel by individual Class Members is economically

21   unfeasible and impractical;

22       c.   The burden imposed on the judicial system by approximately a million

23   actions vastly outweighs any burdens that would be imposed by this class

24   action;

25       d.   Thousands of actions prosecuted against Defendants could, and most likely

26   would, result in inconsistent standards of conduct for Defendants; and

27       e.   The public interest would be best served by obtaining a definitive answer to

28   questions posed by this case.

1    72.    The proposed class action is manageable.

2    73.    Proper and sufficient notice of this action may be provided to the Class Members

3    through notice published in nationwide publications, and/or through retail stores, Defendants'

4    web sites, and the national media.

5    74.    Plaintiff and the members of the Classes have suffered irreparable harm and

6    damages as a result of Defendants' wrongful conduct as alleged herein. Absent a representative

7    action, Plaintiff and the members of the Classes will continue to suffer losses, thereby allowing

8    these violations of law to proceed without remedy, and allowing Defendants to retain the

9    proceeds of their unjust profits.

10    **FIRST CAUSE OF ACTION**

11    **VIOLATIONS OF NEW JERSEY'S CONSUMER FRAUD ACT,**

12    **N.J.S.A. § 56:8-2, *ET SEQ.*, AND SUBSTANTIALLY SIMILAR LAW OF CERTAIN**

13    **OTHER STATES**

14    **(By Plaintiff and the Members of Classes Against All Defendants)**

15    75.    Plaintiff, individually and on behalf of all others similarly situated, repeats,

16    reiterates and realleges each and every allegation of this Complaint in each of the foregoing

17    paragraphs inclusive, with the same force and effect as if fully set forth herein.

18    76.    Plaintiff and other members of the Classes are "consumers" within the meaning

19    of the CFA and the consumer protection statues of certain other states.

20    77.    The Blackberry 10 Series Cellular Telephone are "goods" within the meaning of

21    the CFA.

22    78.    At all relevant times material hereto, Blackberry conducted trade and commerce

23    in New Jersey and elsewhere within the meaning of the CFA.

24    79.    The CFA is, by its terms, a cumulative remedy, such that remedies under its

25    provisions can be awarded in addition to those provided under other remedies.

26    80.    Blackberry has engaged in deceptive, unconscionable, unfair, fraudulent and

27    misleading commercial practices in the marketing and sale of Blackberry 10 Series Cellular

28    Telephone it knew to be defective.

81.     Blackberry had exclusive knowledge of the Defects at the time of sale. The Defects are latent and not something that Plaintiff or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

82.     Blackberry represented that its goods, merchandise or services had characteristics, uses, benefits, or quantities that they did not have, and that its goods, merchandise and services were of a particular standard, quality or grade that they were not.

83.     In its marketing and sale of the Blackberry 10 Series Cellular Telephone, Blackberry undertook active and ongoing steps to conceal the Defects and has consciously withheld material facts from Plaintiff and other members of the Classes with respect to the Defect in the Blackberry 10 Series Cellular Telephone.

84.     Plaintiff is aware of nothing in Blackberry's advertising, publicity, or marketing materials that discloses the truth about the Defects, despite Blackberry's awareness, or reckless unawareness, of the problem.

85.     Blackberry's conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The fact that Defects in the Blackberry 10 Series Cellular Telephone would cause the Blackberry 10 Series Cellular Telephone to fail to operate properly, particularly as to essential functions of the device (i.e. placing telephone calls, and emailing), rendering the Blackberry 10 Series Cellular Telephones unable to perform essential purposes before the end of their expected useful lives, was a material fact that a reasonable and/or unsophisticated consumer would attach importance to at the time of purchase. This fact would influence a reasonable consumers' choice of action during the purchase of their Blackberry 10 Series Cellular Telephone.

86.     Blackberry intended that Plaintiff and the other members of the Classes would rely on its acts of concealment and omissions by purchasing the Blackberry 10 Series Cellular Telephone at full price rather than paying less for them or purchasing competitors' Blackberry 10 Series Cellular Telephone.

87.     Had Blackberry disclosed all material information regarding the Defects to Plaintiff and other members of the Classes, they would not have purchased the Blackberry 10

-21-

1  Series Cellular Telephone, or they would have paid less for them

2  88.   Blackberry's conduct had an impact on the public interest because the acts were

3  part of a generalized course of conduct affecting numerous consumers.

4  89.   As a result of the foregoing acts, omissions, and practices, Plaintiff and other

5  members of the Classes have suffered an ascertainable loss by purchasing defective Blackberry

6  10 Series Cellular Telephone that are unable to perform their essential function for their

7  expected useful life and that are different from the Blackberry 10 Series Cellular Telephone

8  promised. The difference in value between the product promised and the one received can be

9  reasonably quantified by a review of the cost of comparable "smart" telephones sold by

10  Blackberry's competitors.

11  90.   Plaintiff and the members of the Classes are entitled to recover such damages,

12  together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit

13  **SECOND CAUSE OF ACTION**

14  **FRAUDULENT CONCEALMENT/NONDISCLOSURE**

15  **(By Plaintiff and the Members of Classes Against All Defendants)**

16  91.   Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

17  paragraphs of this Complaint as if fully set forth herein.

18  92.   Blackberry knew, or was reckless in not knowing at the time of sale, that the

19  Blackberry 10 Series Cellular Telephones were defective in that they are substantially certain to

20  fail well in advance of their anticipated useful life.

21  93.   Blackberry fraudulently concealed from and/or intentionally failed to disclose to

22  Plaintiff, the Classes, and all others in the chain of distribution, the true defective nature of the

23  Blackberry 10 Series Cellular Telephone and that it routinely malfunctioned, rendering it

24  unusable and inoperable.

25  94.   Blackberry had exclusive knowledge of the Defects at the time of sale. The

26  Defects are latent and not something that Plaintiff or members of the Classes could, in the

27  exercise of reasonable diligence, have discovered independently prior to purchase.

28  95.   Blackberry had the capacity to, and did, deceive consumers into believing that

they were purchasing Blackberry 10 Series Cellular Telephone that could be used safely and practically without causing damage.

96.     Blackberry undertook active and ongoing steps to conceal the Defects because Blackberry knew, or should have known, that it alone could alert consumers to the presence of the Defects, yet Blackberry chose not to do so.

97.     Plaintiff is aware of nothing in Blackberry's advertising, publicity, or marketing materials that discloses the truth about the Defects, despite Blackberry's awareness of the problem.

98.     The facts concealed and/or not disclosed by Blackberry to Plaintiff and the Classes are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a telephone.

99.     If the facts concealed and/or not disclosed by Blackberry to Plaintiff and the proposed Classes had been disclosed to Plaintiff, Plaintiff and members of the Classes would not have purchased their Blackberry 10 Series Cellular Telephone or would only have purchased them for a reduced price.

100.    Blackberry had a duty to disclose the fact that Defects existed at the time of sale by virtue of the fact that consumers would reasonably expect disclosure of the Defects.

101.    Blackberry had a duty to disclose the fact that the Defects existed after sale, but before the Defects manifested, because consumers would reasonable expect disclosure of the Defects.

102.    Blackberry intentionally concealed and/or failed to disclose the problems with the Blackberry 10 Series Cellular Telephone for the purpose of inducing Plaintiff and the Classes to act thereon.

103.    Plaintiff and the Classes justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the Blackberry 10 Series Cellular Telephone.

104.    As a direct and proximate cause of Blackberry's misconduct, Plaintiff and Class Members have suffered actual damages in that they bought and own Blackberry 10 Series

Cellular Telephone that contain an inherent defect and that have prematurely failed or are substantially certain to prematurely fail within and outside applicable warranty periods, and they will be required to incur costs to repair and/or replace the defective components or the Blackberry 10 Series Cellular Telephone as a whole.

105.   Blackberry's conduct has been, and is, wanton and/or reckless and/or shows a reckless indifference to the interests of others.

106.   Blackberry has acted with malice by engaging in conduct that was and is intended by Blackberry to cause injury to the Plaintiff and the Classes.

107.   Blackberry has committed fraud through its concealment of material facts known to Blackberry with the intent to cause injury to the Plaintiff and the Classes.

108.   Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Blackberry for actual and punitive damages for himself and each member of the Classes, plus attorneys' fees for the establishment of a common fund, interest, and costs.

**THIRD CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**(By Plaintiff and the Members of Classes Against All Defendants)**

109.   Plaintiff incorporates by reference each allegation contained in preceding paragraphs as though fully set forth herein.

110.   Blackberry sold and promoted the Blackberry 10 Series Cellular Telephone, which it placed into the stream of commerce. Defendant knew, or had reason to know, of the specific use for which the Blackberry 10 Series Cellular Telephones were purchased, and it impliedly warranted that the Blackberry 10 Series Cellular Telephones were of merchantable quality and fit for such use.

111.   Plaintiff and members of the Classes reasonably relied upon the expertise, skill, judgment, and knowledge of Defendant Blackberry and upon its implied warranty that the Blackberry 10 Series Cellular Telephones were of merchantable quality and fit for such use.

112.   Through the conduct alleged herein, Blackberry has breached the implied warranty of fitness for a particular purpose. The defectively designed Blackberry 10 Series

Cellular Telephones were not fit for the particular purpose for which they were purchased by members of the Classes to perform. The members of the Classes purchased the Blackberry 10 Series Cellular Telephones for a particular purpose of being able to *inter alia*, place telephone calls and send emails, including emails with photo attachments. Blackberry knew that the Class Members were purchasing the Blackberry 10 Series Cellular Telephone for these purposes and marketed the products for these particular purposes.

113.   Plaintiff and members of the Classes relied on Defendant's misrepresentations by purchasing the Blackberry 10 Series Cellular Telephone.

114.   Defendant knew, or had reason to know, that Plaintiff and the members of the Classes were influenced to purchase the Blackberry 10 Series Cellular Telephone through Defendant's expertise, skill, judgment and knowledge in furnishing the products for their intended use.

115.   The Blackberry 10 Series Cellular Telephones were not of merchantable quality and were not fit for their particular intended use because the design and/or manufacturing defects alleged herein which cause the Blackberry 10 Series Cellular Telephones to (1) randomly merge the consumer's contacts thereby rending their contact list useless; (2) fail to permit the user to manage the size and resolution of photographs for the purposes of emailing; and (3) fail to support the Yahoo Calendar.

116.   Defendants' actions, as complained of herein, breached their implied warranty that the Blackberry 10 Series Cellular Telephones were of merchantable quality as fit for such use, in violation of the Uniform Commercial Code (UCC § 2-314 and § 2-315) and the common law of this State, as well as the common law and statutory laws of the other states.

117.   As set forth above, Defendants' unconscionable conduct precludes their disclaimer of implied warranties.

118.   Plaintiff and the members of the Classes have incurred damage as described herein as a direct and proximate result of the failure of Defendants to honor their implied warranty. In particular, Plaintiff and the members of the Classes would not have purchased the Products had they known the truth about their Defects; nor would they have suffered the

collateral effects and damages associated with these Defects.

## FOURTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES

**(By Plaintiff and the Members of Classes Against All Defendants)**

119.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

120.   Defendants warranted that all of the Blackberry 10 Series Cellular Telephones were free from defects in material or workmanship at a time when they knew that the Blackberry 10 Series Cellular Telephones suffered from serious defects and nevertheless, continued to market and sell these Blackberry 10 Series Cellular Telephones with this express warrant.

121.   Defendant has breached its express warranties, as set forth above, by supplying the Blackberry 10 Series Cellular Telephone in a condition which does not meet the warranty obligations undertaken by Blackberry and by failing to repair or replace the defective Blackberry 10 Series Cellular Telephone or defective parts.

122.   Defendants have received sufficient and timely notice of the breaches of warranty alleged herein.  Despite this notice and Blackberry's knowledge, Blackberry refuses to honor its warranty, even though it knows of the inherent Defects in the Blackberry 10 Series Cellular Telephone.

123.   In addition, Blackberry has received, upon information and belief, hundreds if not thousands of complaints and other notices from its customers nationwide advising it of the Defects complained of herein.

124.   Plaintiff has given Defendants a reasonable opportunity to cure their failures with respect to their warranties, and Defendants failed to do so.

125.   Defendants have failed to provide Plaintiff or the members of the Classes, as a warranty replacement, a product that conforms to the qualities and characteristics that Blackberry expressly warranted when it sold the Blackberry 10 Series Cellular Telephones to Plaintiff and the Class.

126.   As set forth above, Defendants' unconscionable conduct precludes Blackberry's reliance upon the one year time limit of the express warranty.

127.   As a result of Blackberry's breach of warranty, Plaintiff and the Classes have suffered damage in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

### (By Plaintiff and the Members of Classes Against All Defendants)

128.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

129.   Defendant Blackberry made a series of misrepresentations and material omissions, as alleged herein, and including misrepresentations in its standard written warranty and otherwise that it would repair defective Blackberry 10 Series Cellular Telephones. Defendants' statements were material, false, deceptive, and misleading and omitted material facts necessary to make the statements not misleading; such material misrepresentations and omissions were the result of the Defendants' negligence.

130.   Defendants owed a duty to Plaintiff and members of the proposed Classes to exercise reasonable care in making representations about the Blackberry 10 Series Cellular Telephones.

131.   Plaintiff and the proposed Class Members relied (or should be presumed to have relied) on Defendants' material representations and omissions in purchasing the Blackberry 10 Series Cellular Telephone.  As a result of their justifiable reliance, Plaintiff and members of the Classes were induced to and did purchase the Blackberry 10 Series Cellular Telephone. Plaintiff's reliance and the members of the Classes' reliance were reasonably foreseeable by Defendants (and in fact, that is why the Defendants made the misrepresentations that they did).

132.   As a direct and proximate result of the negligent misrepresentations made by Defendants, Plaintiff and the proposed members of the Classes have been damaged.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

#### (By Plaintiff and the Members of Classes Against All Defendants)

133.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

134.   Defendants knowingly profited from the sale of its Blackberry 10 Series Cellular Telephone s to Plaintiffs and Class members.

135.   Plaintiff and the Class have conferred a benefit upon Defendants.

136.   Defendants have received and retained money belonging to Plaintiff and the Class as a result of its unlawful and deceptive conduct described herein.

137.   Defendants appreciate or has knowledge of the benefit conferred upon it by Plaintiff and the Class.

138.   Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and the Class that it unjustly received as a result of its unlawful and deceptive conduct described herein.

139.   Plaintiff and the Class have suffered financial loss as a direct result of Defendants' unlawful and deceptive conduct described herein.

140.   Plaintiff, on his own behalf and on behalf of the Class, seeks restitution of the proceeds Defendants received as a result of its unlawful and deceptive conduct described herein, as well as attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the members of the Classes, prays for relief as follows:

A.   An order certifying this case as a class action and appointing Plaintiff to represent the Classes and Plaintiff's counsel as Class counsel;

B.   All recoverable compensatory and other damages sustained by Plaintiff and the Classes;

C.   Restitution and disgorgement of all amounts obtained by Blackberry as a result

1  of its misconduct, together with interest thereon from the date of payment, to the

2  victims of such violations;

3  D.    Actual and/or statutory damages for injuries suffered by Plaintiff and the Classes

4  in the maximum amount permitted by applicable law, including mandatory treble

5  damages pursuant to the New Jersey Consumer Fraud Act;

6  E.    For interest on these sums at the legal rate from the date of each unlawful

7  collection of funds paid to Defendants by Plaintiff and others similarly situated;

8  F.    An order (i) requiring Blackberry to immediately cease its wrongful conduct as

9  set forth above; (ii) enjoining Blackberry from continuing to conceal material

10  information and conduct business via the unlawful, unfair and deceptive business

11  act and practices complained of herein; and (iii) requiring Blackberry to refund

12  to Plaintiff and all Class Members the funds necessary to repair or replace the

13  Blackberry 10 Series Cellular Telephone as appropriate and/or refund to Plaintiff

14  and all Class Members the funds paid to Blackberry for the defective Blackberry

15  10 Series Cellular Telephone;

16  G.    Statutory pre-judgment and post-judgment interest on the Class damages;

17  H.    Payment of reasonable attorneys' fees and costs as may be allowable under

18  applicable law;

19  I.    For costs of suit herein incurred; and

20  J.    Such other relief as the Court may deem just and proper.

21  <u>**JURY DEMAND**</u>

22  Plaintiff demands a trial by jury on all issues so triable as a matter of right.

23
24  DATED:        February 2, 2015        Respectfully submitted,

25  **HARRISON, HARRISON & ASSOCIATES, LTD.**

26  __**s/ Joseph Harrison**_____
    Joseph Harrison, Esq.

27  David Harrison, Esq.
    110 Series Highway 35, 2nd Floor

28  Red Bank, New Jersey   07701

Telephone:      (888) 239-4410
Facsimile:      (718) 799-9171
josephharrisonesq@gmail.com
nycotlaw@gmail.com

**MARLIN & SALTZMAN, LLP**

Marcus Bradley, Esq. (*pro hac vice pending*)
Kiley Lynn Grombacher, Esq. (*pro hac vice pending*)
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
Telephone:      (818) 991-8080
Facsimile:      (818) 991-8081
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

*Attorneys for Plaintiff & Proposed Class*